IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LAIF DOUGLAS POULTON                                                                    PETITIONER
REG. #07276-010

V.                                             NO.  2:05cv00041 JWC

LINDA SANDERS, Warden,                                                              RESPONDENT
FCI, Forrest City, AR

MEMORANDUM OPINION AND ORDER

Laif Douglas Poulton, an inmate formerly in the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #2), challenging a Texas detainer which he contended was preventing him from being considered for halfway house placement.  Respondent asserts that the petition should be dismissed as moot (docket entry #6), attaching documentation showing that Petitioner has been released from incarceration.  For the reasons that follow, the petition must be **dismissed**.[1]

In his petition, Petitioner alleged that Bowie County, Texas had placed a detainer on him and filed it with the FCI-FC, that the Bureau of Prisons (BOP) had sent to Bowie County officials the proper paperwork requesting final disposition of the charges, and that more than 180 days had passed, entitling him to dismissal of the detainer pursuant to the Interstate Agreement on Detainers (IAD).  He alleged that Bowie County refused to remove the detainer, preventing him from being considered for halfway house placement.  As relief, he asked this Court to declare the detainer invalid under the IAD, direct the Bowie County officials to remove the detainer, then order the BOP to place him in a halfway house.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge (docket entry #5).

In response (docket entry #4), Respondent agreed that, due to the Bowie County detainer, Petitioner could not be considered for placement in a halfway house. *See* BOP Program Statement 7310.04, § 10(f) (Dec. 16, 1998) (inmates "shall not ordinarily participate in CCC [halfway house] programs" if they have "unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement").[2] Respondent also asserted that, pursuant to BOP policy, Petitioner's efforts to remove the detainer should be directed to the state court that imposed it, not the BOP. *See* BOP Program Statement 5800.13, § 710(i) (June 28, 2002) ("Only the state may authorize the removal of its detainer. The inmate must address any request regarding a possible violation of the [IAD] to the appropriate state court."); *see also id.* § 712 ("The Bureau does not decide the validity of the detainer or violation of any [IAD] provision. All detainers remain in full force and effect, unless and until the charges from the 'receiving state' are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer.").

Six months later, Petitioner was released from incarceration and Respondent filed a "status report," asking that the § 2241 petition be dismissed as moot.

Under Article III, § 2, of the United States Constitution, "the exercise of judicial power depends upon the existence of a case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). This means that a petitioner must show that he has suffered, or is threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If a federal petitioner cannot show an existing case or controversy through all the stages of his

---

[2] Portions of the referenced BOP program statements are attached to the response, and the full text is accessible at the BOP website, www.bop.gov. .

litigation, his case becomes moot, depriving the court of its power to act because there is nothing to remedy, even if the court were disposed to do so.  *Id.* at 18.

The BOP documentation states that Petitioner was released to an address in Ola, Arkansas, on September 8, 2005.  The form states that there is no detainer, and nothing suggests that he was transferred to the custody of authorities in Bowie County, Texas, pursuant to its detainer.  Due to the apparent removal of the challenged detainer and Petitioner's release from incarceration, even if the Court were to rule in Petitioner's favor on his claims, such a holding would have no effect because nothing exists to remedy; therefore, his claims are now moot.  *See Beachem v. Schriro*, 141 F.3d 1292, 1293-94 (8th Cir. 1998) (challenge to detainer is moot once detainer removed); *Kearns v. Turner*, 837 F.2d 336, 338 (8th Cir. 1988) (prisoner's challenge to detainer was moot where he had already been transferred and sentenced pursuant to that detainer).

No exception to the mootness doctrine applies.  A claim is "capable of repetition, yet evading review" only where "there is a reasonable expectation that the same complaining party will be subject to the same action again."  *Spencer*, 523 U.S. at 17.  Here, there is no expectation that Petitioner will face this same situation again or that, if he does, he will be unable to seek relief.  Furthermore, he has failed to demonstrate any continuing collateral consequences from the detainer.  *Beachem*, 141 F.3d at 1294 (no collateral consequences presumed or demonstrated from removed detainer).  No other exception is applicable.  *See Hohn v. United States*, 262 F.3d 811, 817 (8th Cir. 2001) (other exceptions are where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time, or when a case is a properly certified class action suit), *vacated on other grounds*, 537 U.S. 801 (2002).

Because Petitioner's claims are now moot, this Court has no jurisdiction to address his challenge to the Bowie County detainer. *See id.* at 820. Therefore, this 28 U.S.C. § 2241 petition for writ of habeas corpus must be dismissed in its entirety.

IT IS SO ORDERED this 16th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE